UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 16-192 |
| KEITH FOSTER | SECTION I |

### ORDER & REASONS

Defendant Keith Foster ("Foster") has filed a motion[1] for compassionate release. Within the motion, Foster requests "immediate appointment of counsel[,]" citing "the interest of justice[.]"[2] The Court construes this request as a motion for appointment of counsel, which it denies for the following reason.

### I.

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). In the context of 18 U.S.C. § 3582(c)(2) motions, which are analogous to Foster's compassionate release motions pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), "the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel." *United States v. Joseph*, No. 15-307, 2020 WL 3128845, at *1 (E.D. La. June 12, 2020) (Vance, J.)

---

[1] R. Doc. No. 164.
[2] *Id.* at 2.

(citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Moore*, 400 F. App'x 851, 852 (5th Cir. 2010) (per curiam)).

"Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice." *United States v. Mogan*, No. 14-040, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020) (Morgan, J.) (quoting *United States v. Rodriguez*, No. 10-17, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015) (citing *United States v. Robinson*, 542 F.3d 1045, 1051–52 (5th Cir. 2008))); *see also* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require"). The interests of justice do not require that counsel be appointed where a "[defendant's] . . . motion d[oes] not involve complicated or unresolved issues." *See Moore*, 400 F. App'x at 852 (addressing a § 3582(c)(2) motion on appeal).

The interests of justice do not require that the Court appoint counsel for Foster. The motion at issue is not complex. *See United States v. Drayton*, No. 10-20018, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020) ("[A] claim for compassionate release is not particularly complex factually or legally.").

## II.

Accordingly,

**IT IS ORDERED** that Foster's motion for the appointment of counsel is **DENIED**.

New Orleans, Louisiana, October 1, 2020.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

3