# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 16-192** |
| **KEITH FOSTER** | **SECTION I** |

## ORDER & REASONS

Before the Court is defendant Keith Foster's ("Foster") motion[1] for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). The government opposes the motion.[2] Because Foster has not demonstrated that he has satisfied the statutory exhaustion requirement, the motion is dismissed without prejudice.

In light of Foster's *pro se* status, and the fact that he pled guilty to a violation of 18 U.S.C. § 924(c), the Court interprets Foster's motion to also request a sentence reduction under § 403 of the First Step Act. Because, among other reasons, Foster's sentence predates the First Step Act's December 2018 enactment, this portion of his motion is dismissed with prejudice.

## I.

On May 23, 2017, Foster pled guilty to conspiracy to possess with intent to distribute heroin (Count 1); conspiracy to possess a firearm in furtherance of a drug

---

[1] R. Doc. No. 164.
[2] R. Doc. No. 170.

1

trafficking crime (Count 4); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 5).[3] On August 24, 2017, the Court sentenced Foster to a term of 295 months—115 month as to each of Counts 1 and 4, to be served concurrently, and 180 months as to Count 5, to be served consecutively to the term imposed on Counts 1 and 4.[4] Foster is currently incarcerated at FCI Beaumont Medium ("Beaumont"), with a projected release date of October 1, 2036.

Foster asks the Court to "reduce[] his term of imprisonment" due to "extraordinary and compelling reasons[.]"[5] Foster describes these extraordinary and compelling reasons as a "miscarriage of justice[,]" but does not detail them further.[6] Foster does argue that the First Step Act of 2018 allows him to "request a sentence reduction when he has been sentenced to a term of imprisonment for a gun crime which is much longer than Congress intended for the offense [he] committed."[7] Foster references the First Step Act's exhaustion requirement, but he does not argue that he has satisfied it.

The government opposes Foster's motion.[8] The government argues that (1) the Court cannot consider Foster's motion for compassionate release because he has not satisfied the statutory exhaustion requirement; (2) Foster has not demonstrated

---

[3] R. Doc. No. 79 (minute entry); R. Doc. No. 1 (indictment).
[4] R. Doc. No. 127.
[5] R. Doc. No. 164, at 1–2.
[6] *Id.* at 2.
[7] *Id.*
[8] R. Doc. No. 170.

"extraordinary and compelling reasons" warranting compassionate release; and (3) Foster's sentence resulting from his plea to the 18 U.S.C. § 924(c) count is ineligible for reduction (a) because it was entered prior to the First Step Act's enactment and (b) because it was not a "stacked" 25-year sentence of the sort affected by the Act.[9]

## II.

In pertinent part, section 3582(c)(1)(A) of the First Step Act provides that a court may not modify a term of imprisonment unless a motion is made after the defendant has exhausted his administrative remedies and a court, after considering the factors set forth in 18 U.S.C. § 3553(a), finds that "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). The reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).

Section 3582 allows a court to consider a defendant's motion for modification of a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.*

In *United States v. Franco*, the Fifth Circuit determined that the administrative exhaustion requirement "is *not* jurisdictional, but that it *is* mandatory." 973 F.3d 465, 467 (5th Cir. 2020) (emphasis in original). This

---

[9] *Id.* at 1.

holding comports with those of at least three other circuits. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (explaining that a court "may not grant relief" if the defendant has not complied with the exhaustion requirement, which operates as an "unyielding procedural requirement[]") (internal quotation and citations omitted); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (characterizing the defendant's failure to exhaust administrative remedies as "a glaring roadblock foreclosing compassionate release at this point"); *United States v. Springer*, 820 F. App'x 788, 791–92 (10th Cir. 2020).

The defendant bears the burden of demonstrating that he is entitled to compassionate release and that he has exhausted his administrative remedies. *United States v. Evans*, No. 16-20144, 2020 WL 2549964, at *2 (W.D. Tenn. May 19, 2020); *United States v. Van Sickle*, No. 18-0250, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020); *see United States v. Roberts*, No. 15-135, 2020 WL 2130999, at *3 (W.D. La. May 5, 2020).

Foster has not made any showing that he has "fully exhausted all administrative rights to appeal" or that 30 days have lapsed since the receipt of a request for compassionate release by the warden of his facility. *See* 18 U.S.C. § 3582(c)(1)(A). And the government notes that, according to an attorney for the Bureau of Prisons, Foster had not submitted a request for compassionate release as of October 5, 2020.[10] Because Foster has not satisfied his burden of proof with respect

---

[10] R. Doc. No. 170, at 6–7.

to the statutory exhaustion requirement, his motion for compassionate release is not properly before the Court.

### IV.

As stated, the Court, in light of its responsibility to review *pro se* defendants' filings liberally, construes Foster to be requesting a reduction of that portion of his sentence relating to Count 5—possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). *See Coleman v. United States,* 912 F.3d 824, 828 (5th Cir. 2019) ("The filings of a *pro se* litigant are 'to be liberally construed[.]'" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))). Foster argues that his sentence should be reduced because he was "sentenced to a term of imprisonment for a gun crime which is much longer than Congress intended for the offense" he committed.[11] He describes this sentence as a "miscarriage of justice."[12]

The First Step Act of 2018, enacted on December 21, 2018, "modified prior sentencing law[.]" *See United States v. Simons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019); *see* Pub. L. No. 115-391, 132 Stat. 5194. "[Section] 403 of the Act amended 18 U.S.C. § 924(c)(1)(C)(i)." *United States v. Gomez*, 960 F.3d 173, 176 (5th Cir. 2020). Prior to this amendment, a defendant convicted of a § 924(c)(1) offense was subject to a mandatory 25-year sentence for each additional § 924(c)(1) conviction—even those arising from the same indictment. *See id.* As amended, this mandatory 25-year

---

[11] R. Doc. No. 164, at 2.
[12] *Id.* The Court notes that that Foster does not make any statements or arguments relating to actual innocence and references the "offense he committed." *Id.*

5

sentence applies only to defendants who violate § 924(c)(1) after a prior conviction under the provision has become final. *Id.* at 176–77; *see* First Step Act of 2018 § 403. In other words, "to trigger the 25-year minimum, the defendant must have been convicted of a § 924(c)(1) offense in a prior, separate prosecution." *Gomez*, 960 F.3d at 177 (citing *United States v. Jordan*, 952 F.3d 160, 171 (4th Cir. 2020)).

The Fifth Circuit has held that "§ 403 is not retroactive," noting that the Act "plainly states" that it "applies to an offense committed before its December 21, 2018 effective date only 'if a sentence for the offense ha[d] not been imposed as of such date.'" *Id.* (quoting § 403(b), 132 Stat. at 5222).

Foster was sentenced in August 2017, more than a year before the First Step Act was enacted.[13] Consequently, Foster is ineligible for a reduction of his § 924(c) sentence.[14]

## V.

Accordingly,

**IT IS ORDERED** that Foster's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DISMISSED WITHOUT PREJUDICE** to his refiling after satisfying the administrative exhaustion requirement.

---

[13] *See* R. Doc. No. 127.
[14] The Court also notes that Foster did not receive a "stacked" mandatory 25-year sentence under § 924(c)(1)(C)(i)—his sentence under § 924(c)(1)(A) is approximately fifteen years. *See id.*

6

**IT IS FURTHER ORDERED** that Foster's motion for a reduction of his § 924(c) sentence pursuant to Section 403 of the First Step Act is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, October 22, 2020.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**