UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                              CRIMINAL ACTION

VERSUS                                                         No. 16-192

KEITH FOSTER                                                   SECTION I

## ORDER & REASONS

Before the Court is *pro se* defendant Keith Foster's ("Foster") motion[1] for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The government opposes the motion.[2] For the reasons discussed below, the Court denies the motion.

### I. BACKGROUND

On May 23, 2017, Foster pleaded guilty to conspiracy to possess with intent to distribute heroin; conspiracy to possess a firearm in furtherance of a drug trafficking crime; and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).[3] This Court sentenced him to a term of 295 months imprisonment.[4] Foster is incarcerated at FCI Beaumont Medium, with a projected release date of November 11, 2036.[5]

Foster argues that compassionate release is warranted in light of the COVID-19 pandemic. He further argues that his sentence should be reduced because his

---

[1] R. Doc. No. 179.
[2] R. Doc. No. 181.
[3] R. Doc. No. 79.
[4] R. Doc. No. 127.
[5] *See* Fed. Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited Jan. 3, 2023).

1

sentence for the § 924(c)(1)(A) count was "stacked" and "if Foster were sentenced today his sentence would be substantially less."[6]

This is Foster's second motion for compassionate release. The Court denied his previous motion, finding that he failed to exhaust administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A), and that he was ineligible for a reduction in sentence pursuant to § 403 of the First Step Act of 2018.[7]

## II.   STANDARDS OF LAW

### a.   Exhaustion

Before a federal court assesses the merits of a motion for compassionate release, a defendant must show that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or that "30 days [have passed] from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has emphasized that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." *United States v.*

---

[6] R. Doc. No. 179, at 4.
[7] R. Doc. No. 171. On October 22, 2020, after this Court denied Foster's first motion, the Court received a letter from Foster containing correspondence between Foster and the warden of his facility regarding his request for compassionate release. R. Doc. No. 172. In that letter, Foster stated that he "is serving an unjust sentence in which [his] term of incarceration is longer than Congress now deems warranted" but did not set forth further facts in support if his request. *Id.* at 4. The government filed a response to the letter, arguing that Foster had not identified extraordinary and compelling reasons warranting a reduction in sentence. R. Doc. No. 174. The Court took no action on Foster's letter. To the extent that the letter constitutes a separate request for compassionate release, that request is denied for the same reasons as set forth in this opinion.

*Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, 208 L. Ed. 2d 466, 141 S. Ct. 920 (2020). Failure to satisfy this prerequisite is not jurisdictional, but is rather a mandatory claim-processing rule that must be enforced if invoked by the government. *Id.* at 468–69. The defendant bears the burden of demonstrating exhaustion. *See, e.g., United States v. Rodriguez*, No. 15-198, 2020 WL 5369400, at *2 (E.D. La. Sept. 8, 2020) (Feldman, J.); *United States v. Castro*, No. 15-309, 2020 WL 3076667, at *2 (E.D. La. June 10, 2020) (Africk, J.).

### b. Extraordinary and Compelling Reasons

The Court "may" grant a reduction in sentence if, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "[T]he district court may deny [the defendant's] motion without reaching the Section 3553(a) factors if it determines that he has not identified 'extraordinary and compelling reasons' justifying his release." *United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).

According to statute, before granting a motion for reduction in sentence, the Court must also conclude that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). However, the Fifth Circuit—along with the Second, Fourth, Sixth, Seventh, and Tenth Circuits[8]—has held that "neither the [Sentencing Commission's] policy

---

[8] *See United States v. Brooker*, 976 F.3d 228 (2nd Cir. 2020); *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098 (6th Cir.

3

statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Accordingly, this Court is "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Id*. Nonetheless, the Fifth Circuit has also recognized that the policy statement may still "inform[ ] [the court's] analysis." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

The most relevant policy statement is found in § 1B1.13 of the U.S. Sentencing Guidelines Manual ("U.S.S.G."). The Application Notes to that policy statement, in turn, provide four categories of extraordinary and compelling reasons: "(1) medical conditions, (2) age, (3) family circumstances, and (4) 'other reasons.'" *Thompson*, 984 F.3d at 433 (quoting U.S.S.G. § 1B1.13, Policy Statement, cmt. n.1(A)–(D)) (alterations omitted).

### III.   ANALYSIS

#### a.   Exhaustion

Foster asserts that he has exhausted administrative remedies,[9] and the government agrees.[10] Attached to Foster's motion is documentation of his request for a sentence reduction, received by the warden of his facility on September 15, 2022.[11] Accordingly, the Court concludes that more than 30 days have passed from the

---

2020); *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020); *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021).
[9] R. Doc. No. 179, at 2–3.
[10] R. Doc. No. 181, at 3.
[11] R. Doc. No 179-1.

warden's receipt of Foster's request. Foster has therefore satisfied the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

### b. Extraordinary and Compelling Reasons

#### i.   *COVID-19 Pandemic*

Foster asserts that the COVID-19 pandemic constitutes an extraordinary and compelling reason justifying a reduction in sentence. The government argues that the pandemic does not provide such a reason because Foster has alleged only generalized concerns about contracting COVID-19, and Foster is vaccinated against the disease.[12]

"[G]eneral concerns that the fact of being in a carceral setting raises the risk of COVID-19 infection" do not constitute extraordinary and compelling reasons justifying compassionate release. *United States v. Wilfred*, No. 07-351, 2020 WL 4365531, at *5 (E.D. La. July 30, 2020) (Africk, J.); *accord United States v. Cason*, No. 15-277, 2022 WL 860423, at *3 (E.D. La. Mar. 23, 2022) (Fallon, J.) (collecting cases holding the same). "In some exceptional cases, courts have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he were to contract COVID-19, meaning 'the pandemic, combined with underlying conditions, might be an extraordinary and compelling reason for compassionate release.'" *Cason*, 2022 WL 860423, at *3 (citing *Thompson*, 984 F.3d at 434). However, "the availability of vaccines against COVID-19 has further decreased the extent to which the risk of the virus may justify compassionate release." *Id.* (citations omitted),

---

[12] R. Doc. No. 181, at 1, 8–10.

Foster has not alleged that he has any underlying conditions rendering him especially susceptible to COVID-19. Indeed, he does not point to any specific facts in support of his argument that the COVID-19 pandemic justifies a reduction in his sentence.[13] Additionally, his medical records, provided by the government, indicate that Foster has been vaccinated against the disease.[14] Accordingly, the Court concludes that Foster has not demonstrated that compassionate release is warranted on the basis of the COVID-19 pandemic.

> ii.   *First Step Act's Amendment to 18 U.S.C. § 924(c)*

As in his prior motion for compassionate release, Foster asserts that amendments to 18 U.S.C. § 924(c) made by the First Step Act of 2018 counsel in favor of reducing his sentence. This Court previously dismissed, with prejudice, Foster's motion for reduction of his § 924(c) sentence.[15]

As this Court previously noted, because "Foster was sentenced in August 2017, more than a year before the First Step Act was enacted," he is ineligible for a reduction of his § 924(c)(1) sentence. *United States v. Foster*, No. 16-192, 2020 WL 6196016, at *3 (E.D. La. Oct. 22, 2020) (Africk, J.). Moreover, Foster did not receive a "stacked" mandatory 25-year sentence pursuant to § 924(c)(1). *Id.* at *3 n.14.

---

[13] *See* R. Doc. No. 179, at 4.
[14] R. Doc. No. 181-2, at 44.
[15] R. Doc. No. 171.

Foster has not identified extraordinary and compelling reasons justifying a reduction in sentence. Accordingly, Foster's motion will be denied.[16]

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Foster's motion for compassionate release is **DENIED**.

New Orleans, Louisiana, January 5, 2023

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[16] Because the Court concludes that Foster has not shown extraordinary and compelling reasons, it does not address whether a reduction in sentence would be consistent with the § 3553(a) factors. *Jackson*, 27 F.4th at 1093 n.8.